IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3224-BO

NOBLE DENNIS ALI )
(aka DENNIS HOWARD NEWSON), )
)
Plaintiff, )
)
v. ) **ORDER**
)
HUBERT ANTHONY PETERKIN, et al., )
)
Defendants. )

Noble Dennis Ali ("Ali" or "plaintiff") filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Ali seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. He names North Carolina Instrumentalities, Hoke County, Cumberland County, Sheriff Hubert Anthony Peterkin, the State Bureau of Investigation Agency, and Lumbee Warranty Bank as defendants. Compl. 2-3. However, the last three pages of the complaint list well over a hundred people and agencies, which he may also be naming as defendants. On November 7, 2011, Ali filed a motion for preliminary injunction [D.E. 3]. On January 9 and 11, 2012, Ali filed motions for default judgments [D.E. 9 and 11]. Ali has filed a motion entitled request for copies [D.E. 10], and motions for amercement [D.E. 12-21].[1] The court further notes that Ali has filed numerous cases within this district both under the name Noble Dennis Ali and Dennis Howard Newson.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it

---

[1] The Supreme Court has described amercements as "the medieval predecessors of fines." United States v. Bajakajian, 524 U.S. 321, 335 (1998).

"lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Ali's complaint is extremely difficult to understand. Ali appears to allege that on March 24, 2010, he was arrested without a warrant or indictment. He asserts this also occurred on October 27, 2008, and December 8, 2008. However, then he states he was indicted on March 23, 2010, but perhaps did not have a copy of the indictment. He goes on to assert double jeopardy and that defendants "conspired and collided [sic] by malicious and sadistic conduct to kidnap plaintiff." He makes reference to "RICO for pecuniary gain."

Next, his rambling complaint seems to move from the alleged arrest and prosecution to events which occurred while being held as a pretrial detainee. He appears to allege he is handicapped and because of this on June 21, 2011, he was given a water hose to shower which caused blisters. It is unclear where he was when this occurred or other details. He also makes other

2

assertions about conditions of his confinement, perhaps as it relates to his handicap status or perhaps due to his custody classification while at Central Prison or perhaps a jail. He may be trying to allege some type of religious claim. However, he next begins a discussion about Lumbee Guaranty Bank and a security officer, subpoenas, videos, and returns to ramblings about indictments, kidnaping, grand jury fraud, RICO, the UCC, and the Fair Credit Reporting Act.

As illustrated by the court's attempt to set out Ali's claims, the court is unsure what specific claims he is attempting to make, exactly whom plaintiff is claiming violated his rights, as well as the specific relief he seeks. At this point the court is even unclear as to who he seeks to name as defendants.

As a result, the complaint violate Rule 8 of the Federal Rules of Civil Procedure. This rule requires:

> (a) A pleading which sets forth a claim for relief . . . shall contain . . . a short
> and plain statement of the claim showing that the pleader is entitled to relief . . .

Fed. R. Civ. P. 8.

The court must liberally construe the filings of *pro se* litigants. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, there are limits to which the court may go in dealing with such filings. See Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir.1998) ("[N]otice pleading requires generosity in interpreting a plaintiff's complaint. But generosity is not fantasy."); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits."). Plaintiff has breached those barriers. It is clear that "[w]hat constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic

3

matters." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 446-47 (4th Cir. 2005) quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1217, at 240-41 (3d ed. 2004). However, the case is so confused the court cannot put the matter into a manageable form to make the requisite determination. In an abundance of caution, plaintiff shall be given leave to amend his original complaint. First, however, the court shall make some determinations.

As for defendants Hoke and Cumberland County, Ali has failed to state a claim against these defendants on which relief may be granted. Alleging that a municipal employee committed a constitutional violation is necessary in order to state a claim against a municipality, but is not sufficient. A county may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Therefore, a county may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Plaintiff has failed to allege any policy or custom which is responsible for the acts of which he complains. Thus, Ali's claims against Hoke County and Cumberland County are dismissed as frivolous.

Next, neither the State Bureau of Investigation Agency nor "North Carolina Instrumentalities" is "a person" under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989); see also Ngiraingas v. Sanchez, 495 U.S. 182 (1990); and Smith v. N.C.D.O.C., 2007 WL 1200097 (W.D.N.C. 2007). Likewise, neither is Lumbee Warranty Bank a proper party in a § 1983 action. The party charged with a constitutional deprivation in a 42 U.S.C. § 1983 action generally must be a state actor. Debauche v. Trani, 191 F.3d 499, 506-507 (4th Cir. 1999). While there are

4

"four exclusive circumstances[2] under which a private party can be deemed to be a state actor" and subject to § 1983 liability, DeBauche v. Trani, 191 F.3d 499, 507 (4th Cir. 1999), plaintiff has not identified any conduct by the corporate defendant which would allow the court to find that the corporate defendants acted under color of law for purposes of § 1983. Lumbee Warranty Bank is not a state actor, nor does it have a sufficiently close relationship with state actors that the court would conclude that the non-state actor is engaged in the state's actions. Id. (citations omitted)

Sheriff Hubert Anthony Peterkin is also dismissed from the suit. Liability under Section 1983 must be based on more than merely the right to control employees. Polk Co. v. Dodson, 454 U.S. 312, 325–26 (1981); Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Section 1983 liability cannot be premised on mere allegations of respondeat superior. Monell, 436 U.S. at 691; Polk, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. See e.g. Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990); Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982). See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied 469 U.S. 845(1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this

---

[2] Those circumstances include:
(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.
DeBauche, 191 F.3d at 507.

failure resulted in a denial or deprivation of plaintiff's federal rights. See e.g. Leach, 891 F.2d at 1246; Hayes v. Vessey, 777 F.2d 1149, 1154 (6th Cir.1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. Leach, 891 F.2d at 1246. At a minimum, the official must have knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. See e.g. Gibson v. Foltz, 963 F.2d 851, 854 (6th Cir.1992). Additionally, plaintiff must show that defendant had some duty or authority to act. See, e.g., Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989) (lower level official not liable for shortcomings of building); Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338, 351 (6th Cir.1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act). Again, supervisory liability claims cannot be based on simple negligence. Leach, 891 F.2d at 1246; Weaver v. Toombs, 756 F.Supp. 335, 337 (W.D. Mich.1989), aff'd 915 F.2d 1574 (6th Cir.1990).

Thus, if plaintiff is attempting to allege supervisory liability this argument fails. Plaintiff fails to allege that defendant Sheriff Peterkin knew of pervasive, widespread abuses by a subordinate such that any subsequent inaction demonstrated conduct that threatened to constitutionally injure plaintiff. Likewise, plaintiff fails to allege or identify any causal link between some purported supervisory inaction and the infringement of his constitutional rights.

As for Ali's challenge to the criminal charges against him, it appears that the criminal proceedings against him remain pending. To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying

6

conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). It is clear that Ali contends that the pending charges against him are invalid; thus, Ali must challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845-46 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir.1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). Thus, the claim is dismissed.

In this posture, the court holds the following, Ali is DIRECTED to amend his complaint to set out with clear detail, the claims related to his conditions of confinement, specifically his handicap status, the water hose incident, and the religion allegations. The claims MUST be specific. The claims must include dates, times, and places. The claims must contain specific facts about what happened, where it happened, by whom it happened, and what injury was incurred. Rambling, nonsensical statements of blanket malfeasance will be dismissed. Furthermore, Ali must name a proper party for the suit to go forward. Facts regarding the person's specific involvement in the claims must be set out.

The motion for preliminary injunction or temporary restraining order ("TRO") is denied [D.E. 3]. A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the

7

likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motion for a TRO and a preliminary injunction is denied.

For the reasons stated, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915 as to North Carolina Instrumentalities, Hoke County, Cumberland County, Sheriff Hubert Anthony Peterkin, the State Bureau of Investigation Agency, and Lumbee Warranty Bank. The court DENIES Ali's motions for amercement [D.E. 12-21]. The motion for preliminary injunction [D.E. 3], the motions for default judgments [D.E. 9 and 11], and motion entitled request for copies [D.E. 10] are also DENIED. Plaintiff is given 20 days from the filing of this order to comply with the court's direction for amending the complaint. Failure to comply may result in the complaint's dismissal.

SO ORDERED. This 9 day of April 2012.

TERRENCE W. BOYLE
United States District Judge

8